**NORTH PENN OIL & TIRE COMPANY**
v.
**PHILLIPS PETROLEUM COMPANY.**
Civ. A. No. 73-797.

United States District Court,
E. D. Pennsylvania.

Jan. 24, 1974.

Alexander D. Kerr, Jr., Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for plaintiff.

David L. Grove, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

BRODERICK, District Judge.

This matter is again before this Court as a result of a motion by the plaintiff, North Penn Oil & Tire Company, to reconsider the Court's Order of May 14, 1973 which denied North Penn's request for an injunction to preliminarily enjoin the defendant from terminating North Penn's supply of gasoline and other petroleum products.

By a Memorandum and Order dated May 14, 1973 (358 F.Supp. 908) this Court denied North Penn's motion for

a preliminary injunction on the ground that the plaintiff had not demonstrated a reasonable probability of eventual success on the merits. North Penn appealed, and on June 28, 1973 the United States Court of Appeals for the Third Circuit denied the plaintiff-appellant's motion for an injunction pending appeal. On July 5, 1973 the parties filed a stipulation to dismiss the appeal, and the appeal was dismissed by the Third Circuit on July 11, 1973.

North Penn bases this motion for reconsideration upon two cases which were decided subsequent to this Court's Order of May 14, 1973. The first case is Shell Oil Co. v. Marinello, 63 N.J. 402, 307 A.2d 598 (1973) in which the Supreme Court of New Jersey on June 11, 1973 declared that the short-term cancellation provisions in Shell's lease agreement with its dealer were void as unconscionable and contrary to the public policy of New Jersey. The second case is Consumers Oil Corporation v. Phillips Petroleum Company, No. 73–1597, wherein on September 19, 1973 the United States Court of Appeals for this Circuit granted an injunction pending appeal which required Phillips to continue to supply Consumers, a New Jersey Phillips jobber, pending the determination of Consumer's appeal from the order of the United States District Court for the District Court for the District of New Jersey denying Consumer's motion for a preliminary injunction. North Penn contends that these two decisions should persuade this Court to change its Order of May 14, 1973.

## SHELL OIL CO v. MARINELLO

In Shell Oil Co. v Marinello, *supra*, Shell attempted to terminate a service station lease and dealer agreement pursuant to language authorizing cancellation upon a short notice. The New Jersey Supreme Court held that the termination provisions of both the lease and the dealer agreement resulted from Shell's disproportionate bargaining position and were grossly unfair. The Court found that the provisions were void as

contrary to the public policy of New Jersey as expressed in the New Jersey Franchise Practices Act (N.J.S.A. 56:10–2), even though the Court found that the Act did not expressly apply since the last renewal date antedated the effective date of the Act. The New Jersey Supreme Court also held that the lease and dealer agreements were integral parts of a single business relationship, terminable by Shell only for good cause. This decision of the New Jersey Supreme Court is distinguishable from the case at hand for a number of reasons. In *Marinello*, Shell's termination of the lease and dealer agreements on short notice was not taken pursuant to a determination by Shell to cease selling gasoline in the State of New Jersey. In the instant case, Phillips notified North Penn of its intention to withdraw from the marketing area of the entire northeastern portion of the United States about ten months prior to the expiration of its supply contract. Further, in *Marinello*, Shell leased a service station and at the same time entered into a dealer agreement. The New Jersey Supreme Court held that the co-extensive lease and dealer agreements were integral parts of a single business transaction, and that the short-notice termination provisions of the lease and dealer agreement resulted from Shell's disproportionate bargaining position and were grossly unfair. The Court relied on the provisions of the New Jersey Franchise Practices Act which "put into statutory form the extant public policy of [New Jersey]," 307 A.2d at 602. In the instant case, unlike *Marinello*, North Penn and Phillips entered into a jobber supply contract and at a later date entered into a lease-type financing agreement for a bulk plant and warehouse. North Penn was a volume jobber, supplying twenty-one service station accounts and fifteen commercial accounts with gasoline and other petroleum products. This court found that North Penn failed to establish an integral relationship between the lease agreement and the supply contract, 358 F.Supp. at 920. We

**678**

also found that the termination provisions were "reasonable at the time they were entered into and were actually favorable to North Penn, because the clauses provided the possibility for North Penn's changing suppliers if North Penn could arrange a better deal with another company." (358 F.Supp. at 922). Finally, there is no Pennsylvania statute comparable to the New Jersey Franchise Practices Act expressing a public policy that franchises should be terminable only on the basis of good cause.

### CONSUMERS OIL CORPORATION v. PHILLIPS PETROLEUM COMPANY

In Consumers Oil Corporation v. Phillips Petroleum Company, *supra*, a case described by Judge Clarkson Fisher of the United States District Court for the District of New Jersey as "remarkably similar" to the instant case, a Phillips jobber sought an injunction to restrain Phillips from terminating its supply of gasoline. As noted by Judge Fisher, the only basic legal difference between the two cases is that the plaintiff in *Consumers* relied upon the New Jersey Franchise Practices Act, which prohibits a franchiser from terminating a franchise except for good cause. Judge Fisher denied the plaintiff's motion for a preliminary injunction and held that the New Jersey Franchise Practices Act did not apply to the jobber contracts and lease before him on the ground that the Act applied only to franchises entered into or renewed or amended subsequent to the effective date of the Act and further that the New Jersey Franchise Practices Act was not applicable to a franchiser who was going out of business. Consumers filed its appeal, and on September 19, 1973, our Circuit Court issued an injunction requiring Phillips to continue to supply Consumers pending the appeal. On November 12, 1973, the Third Circuit handed down an opinion affirming Judge Fisher's order which denied the plaintiff's motion for a preliminary injunction and

remanded the case with direction to retain jurisdiction but to stay proceedings pursuant to the policy of federal abstention pending Consumer's expeditious resort to a state court for a determination as to whether the New Jersey Franchise Practices Act is applicable to the case. Our Third Circuit, in discussing the applicability of the New Jersey Franchise Practices Act, pointed out that substantial constitutional questions would be presented should the Act preclude Phillips' withdrawal from the State of New Jersey. The *Consumers* case is clearly distinguishable from the case at hand in that there is no similar statute in Pennsylvania.

North Penn has failed to establish any basis for this Court to revise its Order of May 14, 1973.